Vocila et al., Appellees, *v.* Serio et al., Appellants.
[Cite as Vocila v. Serio, 1 Ohio App. 2d 340.]

(No. 26973—Decided February 18, 1965.)

*Mr. John R. Vintilla*, for appellees.
*Messrs. Orlean & Reisenfeld*, for appellants.

*Per Curiam.* A motion of plaintiffs, appellees herein, for summary judgment was granted against defendants, appellants herein, in the court below.

A bill of exceptions, signed and certified by the trial judge, is before us in which it is stated that:

"The court gave full consideration to the following:

"1. Plaintiffs' motion for summary judgment with deposition of defendant, Arthur Serio, and exhibits thereto attached.

"2. Affidavit of defendants in answer to plaintiffs' motion for summary judgment.

"3. Plaintiffs' brief in support of motion for summary judgment.

"The foregoing was all of the evidence introduced and received in said hearing on plaintiffs' motion for summary judgment.

"On April 16, 1964, the court approved and signed a journal entry granting plaintiffs' motion for summary judgment, and on the same date overruled defendants' motion for reconsideration."

In the Common Pleas Court journal entry it is stated, in part:

"Upon consideration of the pleadings, the deposition and affidavit, the court finds that there is no genuine issue as to any material fact in the case and the plaintiffs are entitled to a judgment as a matter of law."

The deposition referred to in the bill of exceptions and in the journal entry was attached as an exhibit to plaintiffs' mo-

tion for summary judgment and is in the file with the original papers prepared and filed pursuant to the provisions of Section 2505.08, Revised Code.

Clearly this deposition, incorporated by reference in the bill of exceptions, is on the record before us. We are sufficiently apprised of what the trial court considered in reaching its conclusions upon questions of law. We feel certain that we have before us all the documents, papers, depositions, affidavits, and admissions which the trial court had before it and considered in reaching a decision. See *Smith* v. *Diamond Milk Products, Inc.*, 176 Ohio St. 143.

Going now to the defendants' claims of error, the record reflects that the court below granted summary judgment decreeing specific performance of a right to an easement in a contract dated October 1952.

A summary judgment under Section 2311.041, Revised Code, shall be rendered if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.

The specific clause that plaintiffs seek to enforce provides:

"Buyer agrees that seller, and his heirs and assigns, shall have the right of access over Russell's Court Proposed, for occasional necessary use to reach Sublot 13, which remains the property of the seller."

A careful reading of the pleadings, affidavit and deposition makes it abundantly clear to this court that there are genuine issues as to material facts, as follows:

1. What did the parties understand by the employment of the language "occasional necessary use"?

2. What is the length and width of the easement?

3. Why is such alleged easement not included in the deed transferring title?

4. Why was this particular language used?

5. Why was the deed filed for record without mention of such easement?

6. For what reasons, if any, was there a delay of eleven years by plaintiffs without trying to enforce such an alleged easement?

There are also other issues apparent. Under such a state of the record, defendants were entitled to a trial, and the grant-

ing of plaintiffs' motion for summary judgment was contrary to law and prejudicial to the substantial rights of defendants. For this reason, the judgment of the court below is reversed and cause remanded for further proceedings according to law.

*Judgment reversed.*

KOVACHY, P. J., SILBERT and CORRIGAN, JJ., concur.